Jacob J. Schwartzwald, J.
In this action for assault, defendants move to dismiss the amended complaint on the ground that it does not comply with an order of Mr. Justice Baker and on the further ground that the pleading fails in any event to state a cause of action. Plaintiff cross-moves for leave to amend in *826 the form presently before the court, if it be found that the complaint is indeed not responsive to the order which permitted amendment.
This action is brought against defendants, husband and wife. Amendment of the complaint was directed as a result of objections on the part of the wife that no participation by her in the alleged assault was asserted and no actionable conduct by her shown in the original pleading. The plaintiff has attempted to remedy this defect by revising his pleading to state a first cause of action for actual assault by defendant husband, a second cause of action on the stated ground that defendant wife ‘ ‘ aided and abetted” her husband in the wrongful act and a third cause of action which charges that she acted “in concert ” with her husband in furtherance of a common design with said defendant to assault the plaintiff.”
The amended complaint fails to show that defendant wife, either by word or by deed, actually ‘ ‘ aided and abetted ’ ’ or “ acted in concert ” with her husband in the assault. The complaint alleges only that the wife drove a car up to the participants in the quarrel and permitted her husband to get in and drive away. Such an act is entirely consistent with a desire to terminate the hostilities. Conceivably, it may even be evidence that she succeeded in such an effort. There is a decided dearth of case law in this jurisdiction on the question. The court has examined the memoranda and other papers submitted in support of the prior motion by defendants’ counsel to dismiss. Perforce, he resorted to citation of cases in other jurisdictions. I have carefully examined these cases and text references. I do not find that any one of them lends support to plaintiff’s position here against defendant wife. As a matter of fact, there seems to be good authority to the contrary. “ Mere presence of a person, however, when an assault and battery is committed by another, even though he mentally approves the same, but without encouragement of it by word or sign, is not sufficient of itself to charge him as a participator in the assault; he must in some way command, authorize, justify, or approve it.” (6 C. J. S., Assault and Battery, § 27, p. 831.) It appears to me that the controlling principle here is that there be some overt act on the part of defendant to support the charge (Francis v. Kane, 246 S. W. 2d 279 [Tex. Civ. App.]; Kroger Grocery & Baking Co. v. Flora, 237 Ky, 191; 52 Am. Jur., Torts, § 113, p. 454).
Plaintiff asserts further that defendant wife had knowledge that her husband possessed a “violent temper and vicious tendencies.” If this be stated on the theory that she was harbor *827 ing or sheltering or misusing a dangerous instrumentality, it is an interesting and novel approach. However, I cannot subscribe to it. I seriously doubt whether there is any doctrine in law that would constitute the wife her husband’s keeper.
Although plaintiff has, pursuant to CPLB. 3211 (subd. [e]) requested leave to serve a second amended complaint, if the motion to dismiss be granted, I see no purpose in permitting it as against the wife. CPLB 3211 (subd. [e]) provides that where a motion such as this to dismiss is made, “ if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing papers and in them set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading; leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action or defense.” The amended complaint now before the court has been drawn in detailed, almost narrative fashion and appears to substantially allege every act that took place at the time of the assault. These recitals, in my opinion, do not, construed in any light most favorable to plaintiff, add up to a proper claim and leave no room for speculation that a good cause of action can be stated against the wife in a further amended pleading.
Accordingly, the motion to dismiss is granted with respect to the causes addressed to defendant Lorraine Goldstein. Plaintiff may serve an amended complaint against the remaining defendant only, within 10 days after service of a copy of the order to be entered hereon with notice of entry thereof.