■ LOUIS STEINBERG, Appellant, v. EUGENE GOLDSTEIN et al, Respondents. —In an action to recover damages for assault, plaintiff appeals, as limited by his notice of appeal and his brief, from so much of an order of the Supreme Court, Kings County, dated October 31, 1966, as dismissed and severed the causes of action against defendant Lorraine Goldstein in his amended complaint and denied his cross motion insofar as it was for authorization for the interposition of said amended complaint as to said defendant. Order affirmed insofar as appealed from, with $10 costs and disbursements to respondent Lorraine Goldstein. The amended complaint alleges (taking the first two causes together) that plaintiff and defendant Eugene Goldstein had an argument at 10:05 P.M. on September 15, 1965, near defendants' residence. Goldstein's wife, defendant Lorraine Goldstein, was present. Plaintiff walked away and Mr. Goldstein followed and threatened to harm him, but then went back home. About 25 minutes later, while plaintiff was walking his dog about four blocks from defendants' residence, defendants drove up to where plaintiff was; Mr. Goldstein got out of the car and commenced to speak to plaintiff; Mrs. Goldstein then drove the motor vehicle to follow plaintiff and Mr. Goldstein as plaintiff continued to walk, with Mr. Goldstein following him. While they were so walking, Mr. Goldstein assaulted plaintiff. After the alleged assault Mr. Goldstein drove the motor vehicle away. It is further alleged that Mrs. Goldstein knew that her husband had a violent temper and vicious tendencies; that her " aforesaid acts * * * were done with intent to encourage, aid and abet * * * [Mr. Goldstein] in the aforesaid assault upon the plaintiff "; and that her " aforesaid conduct * * * did in fact encourage, aid and abet * * * [Mr. Goldstein] in the aforesaid assault upon the plaintiff." In the third cause of action it is also alleged that Mrs. Goldstein, " in the performance of the aforesaid acts by her, acted in concert with the defendant, Eugene Goldstein, in furtherance of a common design with said defendant, to assault the plaintiff." There is no allegation that Mrs. Goldstein knew that an assault was planned or was to take place. There is no alle-

gation that Mr. Goldstein went out with the intent and purpose of searching for plaintiff to assault him. Absent such allegations there can be no inference that Mrs. Goldstein knew of any such intention; and, consequently, she may not be charged with aiding or abetting Mr. Goldstein or acting in concert with him. Her conduct was not such as could be inferred to have been in aid of an assault, where there is no allegation not only that she went to search out plaintiff and assault him but that Mr. Goldstein went to search out and assault plaintiff. More is required than mere conjecture; and to hold Mrs. Goldstein we must impose conjecture upon conjecture. This we may not do. The fact that she drove the car the few minutes before the assault cannot be used as an inference of complicity in the assault. Ughetta, Acting P. J., Christ, Rabin, Benjamin and Munder, JJ., concur. [51 Misc 2d 825.]