OPINION OF THE COURT
David Gilman, J.
This is a motion for custody by a mother who was not a party to a child abuse proceeding wherein her child was placed with the Commissioner of Social Services. In March of 1983 the Commissioner of Social Services alleged that Cheryl’s father sexually abused her. In June of 1983 a finding of sexual abuse was made against Cheryl’s father. In October 1983 Cheryl was placed with the Commissioner of Social Services for one year. The Commissioner of Social Services has filed for an extension of the placement for an additional year and the agency wherein Cheryl resides has moved to restrict the father’s visitation. Since being adjudicated as a sex abuser Cheryl’s father has not resided in the marital home and has been under a court order prohibiting him from having unsupervised visitation with his daughter. Cheryl, now 14 years of age, wants to return to her mother.
*883 Cheryl’s mother moves to vacate placement and for the immediate return of her daughter. Petitioner mother’s motion for the return of her child is considered by the court as a writ of habeas corpus pursuant to Family Court Act § 651. The Commissioner and the agency opposed, arguing that the court must hold an extension of placement hearing.
The issue before the court is one of first impression. Where the court has adjudicated only one parent of abuse or neglect, does the nonoffending parent, not a party to the proceedings, have, absent a finding of neglect or unfitness, a right to custody of her children superior to that of third parties, including the Commissioner of Social Services?
In the case at bar, the petitioner mother was not a respondent to the underlying child abuse proceeding and was not adjudicated neglectful. She was not a party to the dispositional hearing after which the child was placed with the Commissioner. It is unclear whether the mother who was present in court consented to or acquiesced in the dispositional plan.
The courts in this State have long recognized that a parent has “a right to the care and custody of a child, superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood.” (People ex rel. Kropp v Shepsky, 305 NY 465, 468; see also, Matter of Infant L., 61 NY2d 420, 427; Matter of Dickson v Lascaris, 53 NY2d 204, 208; People ex rel. Scarpetta v Spence-Chapin Adoption Serv., 28 NY2d 185, 192.) In the absence of “surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances” a parent may not be denied custody of his or her child. (Matter of Bennett v Jeffreys, 40 NY2d 543, 544; see also, Matter of Infant L., supra; Matter of Dickson v Lascaris, supra.)
Here there has never been a finding of surrender, abandonment, persisting neglect or unfitness of petitioner mother. The record reflects no “extraordinary circumstances’’ which would justify the removal of Cheryl from her mother’s custody. Furthermore, “a determination that extraordinary circumstances exist is only the beginning * * * of judicial inquiry * * * once extraordinary circumstances are found, the court must then make the disposition that is in the best interest of the child.” (Matter of Bennett v Jeffreys, supra, at p 548.)
There is no indication that petitioner mother was and is anything other than a fit parent. As the Court of Appeals stated in Matter of Infant L. (supra, at p 427), “[f]or once it is found that the parent is fit, and has neither abandoned, surrendered, nor *884 otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived the custody of his or her child.”
Accordingly, petitioner mother having not been adjudicated an unfit parent has a superior right to care and custody of her child as against third parties including the Commissioner of Social Services.
However, the Commissioner of Social Services is not without remedy. If he believes the mother is unfit he may commence a neglect proceeding and may move to have the child remanded if necessary to avoid imminent danger to the child’s life or health. (Family Ct Act §§ 1022, 1024.)
The order temporarily extending placement of the child is vacated. Custody is awarded to the mother. This order is stayed for 72 hours from its date of entry to enable the Commissioner of Social Services to seek such further relief he deems appropriate.
The temporary order of protection against the father is made final and shall remain in full force and effect until Cheryl obtains the age of 18. The order of protection is modified to provide that the father shall have no contact with Cheryl, or reside in the home with the children who are the subject of these proceedings and shall have visitation with Cheryl only with her consent and then only if supervised by an appropriate party.