OPINION OF THE COURT
David B. Saxe, J.
This odd tort case arises from the detritus of a marriage and custody battle seven years ago, when the plaintiff here, *131 Sara Offenhartz, was 12 years old. At that time, the defendant in this case was the mother’s lawyer.
It seems that after her parents separated, the plaintiffs mother remained in the marital residence in New York and her father moved to Milburn, New Jersey. On September 2, 1982, Sara was with her father in New Jersey. On that day, it is alleged that her mother, in the company of a private investigator hired by her lawyer (the defendant here), attempted forcibly to place Sara in a car against the girl’s will. The investigator, it is asserted, restrained Sara’s father during this episode. It is this event which forms the nucleus of Sara’s complaint against her mother’s lawyer — that he was behind this "assault” and attempted "abduction” and accordingly should pay damages in the amount of $10 million.
The defendant lawyer now moves for dismissal of the complaint; plaintiff Sara cross-moves to amend her complaint, so as to describe the tort as kidnapping rather than abduction.
The papers submitted on these competing applications present a murky picture as to whether, at the time of the incident, Sara’s mother was acting within the scope of an August 31, 1982 temporary restraining order (TRO) which prohibited the father from removing the children from the jurisdiction. Sara’s mother has now executed an affidavit saying that her lawyer had urged her to abduct Sara even though he knew the TRO had not been served yet upon her husband in New Jersey.
The issues here need not be resolved by a determination as to whether the husband unlawfully removed the child from New York or whether the wife was entitled to forcibly return her child to New York by the terms of the TRO.
On the date of the incident, neither parent had been granted custody of the child and therefore both parents still retained the right to custody (see, Klien v Klien, 141 Misc 2d 174, 180; Matter of Cheryl K, 126 Misc 2d 882). A parent with a right to the custody of a child certainly has a right to pick up that child and — without using excessive force — put her in a car to take her home (see, McGrady v Rosenbaum, 62 Misc 2d 182, 187, affd 37 AD2d 917) even if the child would rather not go. Such an act by a custodial parent does not constitute a civil assault upon the child; nor is it an abduction (see, McGrady v Rosenbaum, supra). So, if this case had been brought by Sara against her mother, it would not succeed. It would be illogical if the claim against the person who alleg *132 edly "advised” the mother to undertake such activities would fare any better.
There are other legal impediments. First, the plaintiff now concedes that only a parent can be charged with the abduction of a child (see, Leonhard v United States, 633 F2d 599, 626, n 41 [2d Cir 1980]). Undeterred, the plaintiff — as noted— desires to substitute a claim for kidnapping. But, New York does not recognize kidnapping as a tort from which civil liability may result. Moreover, even if kidnapping was recognized as a tort, the allegations here fail to make out any such claim, in view of the undisputed fact that the mother’s attempt to take Sara was not even arguably illegal.
The plaintiff’s reliance on a statement contained in a police report written by a Milburn, New Jersey, police officer is misplaced. The officer’s belief that the mother and her hired investigator could be charged with kidnapping is not probative, and in any case is incorrect under New York and New Jersey law (see, State v Stocksdale, 138 NJ Super 312, 350 A2d 539; People v Workman, 94 Misc 374 [Sup Ct 1916]).
"New York law does not recognize any liability on the part of an attorney to a non-client third party for injuries sustained as a result of any attorney’s actions in representing his client absent fraud, collusion, or a malicious or tortious act” (see, Michalic v Klat, 128 AD2d 505, 506). As I concluded above, the allegations fail to state any tort claim, and while the now-adult plaintiff still clearly believes that the claimed "abduction” was malicious, it is clear that the facts do not objectively state any cause of action as against the attorney based upon advice he allegedly gave his client.
Nor do the plaintiff’s papers convince the court that the proposed amendments to the complaint reflect any potentially meritorious causes of action.
Accordingly, the defendant’s motion is granted and the cross motion is denied.