■ SARA OFFENHARTZ, Appellant, v JEFFREY R. COHEN, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered September 12, 1989, which, *inter alia,* granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), denied plaintiff's cross motion to amend the complaint, and denied defendant's motion for costs, sanctions and reasonable attorneys' fees pursuant to CPLR 8303-a and 22 NYCRR part 130, unanimously affirmed, with costs.

Plaintiff's action concerns an incident which occurred on September 2, 1982 in Milburn, New Jersey, in which the plaintiff's mother and a private investigator allegedly attempted to take the 12-year-old plaintiff back to New York. At the time, the defendant, an attorney, was representing plaintiff's mother in her divorce action and in proceedings to obtain a temporary restraining order enjoining plaintiff's father from removing the children from New York. On February 13, 1989, plaintiff commenced an action alleging various causes of action in tort against defendant based upon the fact that defendant allegedly advised plaintiff's mother to take the aforementioned actions.

The court properly dismissed plaintiff's causes of action against defendant pursuant to CPLR 3211 (a) (7). No cause of action existed on a theory of negligence since there was no privity between defendant and plaintiff *(Michalic v Klat,* 128 AD2d 505). With regard to the alleged intentional torts, defendant could not be liable for abduction since a cause of action for abduction belongs solely to a parent *(McGrady v Rosenbaum,* 62 Misc 2d 182, *affd* 37 AD2d 917). Nor may plaintiff's mother, as a custodial parent, be liable for abduction *(McGrady v Rosenbaum, supra).* Although New York recognizes an action against a parent for assault, defendant was not liable for the acts committed solely by plaintiff's mother and the private investigator under a theory of "aiding and abetting" since defendant committed no overt act in furtherance of the alleged assault *(Steinberg v Goldstein,* 51 Misc 2d 825, *affd* 27 AD2d 955). In addition, the court properly concluded that plaintiff's proposed amendments to the

complaint substituting kidnapping, attempted kidnapping and false arrest for abduction did not present meritorious causes of action.

We find that the IAS court acted within its discretion in denying defendant an award of costs, sanctions and attorneys' fees. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ. *[See,* 144 Misc 2d 130.]