■ CATHERINE M. SHEA, Respondent-Appellant, v CORNELL UNIVERSITY, Respondent, and GEORGE MAYLIN et al., Appellants-Respondents, et al., Defendant. [596 NYS2d 502] —Weiss, P. J. Cross appeals from an order of the Supreme Court (Monserrate, J.), entered June 1, 1992 in Tompkins County, which, *inter alia,* partially granted certain defendants' motion for summary judgment dismissing the complaint.

Plaintiff, an animal attendant employed by defendant Cornell University, was assaulted on May 11, 1988 by defendant Harold Mowers, another Cornell employee who worked as a stable attendant. Following Mowers' conviction in Ithaca Town Court upon his plea of guilty to sexual abuse in the third degree, this action was commenced against Cornell, Mowers, George Maylin (plaintiff's supervisor) and Jack Lowe (the director of Cornell's Equine Research Park where Mowers had worked and lived). The complaint alleges eight causes of action of which all save the first, a Human Rights Law violation against Cornell, and the cause labeled "fifth/sixth" (aiding and abetting an assault) against Maylin and Lowe, were dismissed by Supreme Court. Maylin and Lowe appeal the denial of their motion for dismissal of the aforesaid fifth/sixth cause of action. Plaintiff has cross-appealed from so much of the order as granted summary judgment to Cornell, Maylin and Lowe dismissing the fourth cause of action (intentional infliction of emotional distress) and the fifth/sixth cause of action (aiding and abetting an assault) against Cornell.

We first consider the appeal by Maylin and Lowe from the denial of their summary judgment motion to dismiss the cause of action for aiding and abetting Mowers' assault, and plaintiff's cross appeal from the dismissal of that cause of action against Cornell. Maylin and Lowe contend that their conduct cannot be characterized as intentional or deliberate acts which caused Mowers to attack plaintiff. We agree. The record, at best, reflects that Maylin and Lowe should have been aware of Mowers' crude and vulgar nature, his demeaning and malevolent attitude toward women, and, in a limited sense, his history of hostile physical aggression toward women. Mowers' history includes several incidents of totally inappropriate

sexual contact which could be classified as similar to the 1988 offense. Plaintiff has alleged not only that Maylin and Lowe were aware of Mowers' nature, attitudes and history, but also that they themselves had exhibited similar attitudes which contributed to a hostile work environment. However, we do not find that plaintiff has presented proof in evidentiary form of intentional or deliberate acts directed at causing harm which would rise to the level of actionable conduct in relation to the subject assault *(see, Crespi v Ihrig,* 99 AD2d 717, *affd* 63 NY2d 716). Plaintiff concedes that absent overt encouragement of the offensive behavior, merely harboring a dangerous person or giving tacit approval cannot be deemed aiding or abetting the assault *(see, Steinberg v Goldstein,* 51 Misc 2d 825, *affd* 27 AD2d 955). Contrary to plaintiff's allegations, there is no evidence in the record of overt acts by Maylin or Lowe in furtherance of the assault *(see, Offenhartz v Cohen,* 168 AD2d 268). Granting plaintiff every favorable inference, the conduct of which she accuses Maylin and Lowe, as repugnant as it may be, cannot be interpreted as intentionally or deliberately directed at causing the assault *(see, Mylroie v GAF Corp.,* 81 AD2d 994, *affd* 55 NY2d 893; *Finch v Swingly,* 42 AD2d 1035). More than mere conjecture is required to directly link Maylin, Lowe or Cornell to the assault and suggest complicity *(see, Steinberg v Goldstein,* 27 AD2d 955). Accordingly, the fifth/sixth cause of action was properly dismissed against Cornell and should now also be dismissed against Maylin and Lowe.

Plaintiff has also appealed from the dismissal of her fourth cause of action alleging intentional infliction of emotional harm by Maylin, Lowe and Cornell. The tort of intentional infliction of emotional distress predicates liability upon the basis of extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143). It is alleged that these defendants permitted crude and offensive statements of a sexually derisive nature to occur in the workplace and, in effect, participated therein. While such conduct is unacceptable and socially repugnant, and has properly been made part of plaintiff's statutory Human Rights Law claim which remains viable *(see,* Executive Law § 297), it does not rise to the level of an atrocity and, accordingly, the fourth cause of action was properly dismissed.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defen-

dants George Maylin and Jack Lowe for summary judgment dismissing the fifth/sixth cause of action; motion granted to that extent, summary judgment awarded to said defendants and the fifth/sixth cause of action is dismissed against them; and, as so modified, affirmed.