■ MARK FARIELLO, Respondent, v CITY OF NEW YORK BOARD OF EDUCATION et al., Defendants and CONNIE EMILIO, Appellant. [606 NYS2d 20] —In an action to recover damages for personal injuries, etc., the defendant Connie Emilio appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated October 22, 1991, as denied her motion

for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

In January 1989 the plaintiff, the appellant, Connie Emilio, and the appellant's boyfriend were among the guests at a birthday party. After the boyfriend left the party, the appellant alleges that the plaintiff made disparaging remarks to her. The day after the party, the appellant told her boyfriend about the incident. Three days after the party and two days after the appellant's conversation with her boyfriend, the boyfriend confronted the plaintiff at Lafayette High School where they were both students, and assaulted the plaintiff.

The plaintiff commenced an action to recover damages for personal injuries, etc., against, *inter alia,* the appellant and her boyfriend. With respect to the appellant, the complaint alleged that she negligently "made false and misleading statements to [her boyfriend] causing [him] to attack" the plaintiff, and that she "induced [her boyfriend] to commit an assault and battery upon" the plaintiff. The appellant moved for summary judgment dismissing the complaint insofar as it is asserted against her, but the Supreme Court denied this relief. We now reverse the order insofar as appealed from.

With respect to the cause of action grounded in negligence, we note that " '[t]here is no such cause of action as negligent assault and battery' " *(United Natl. Ins. Co. v Tunnel, Inc.,* 988 F2d 351, 353, quoting from *State Farm Fire & Cas. Co. v van Gorder,* 235 Neb 355, 455 NW2d 543, 545; *see also, Martin v Yeoham,* 419 SW2d 937, 944 [Mo]). Nor can one negligently tell a deliberate lie.

Assuming, arguendo, that the appellant did lie to her boyfriend (a premise which is not supported by the record), and assuming further that one can negligently lie, nevertheless, the appellant's statements to her boyfriend were not a proximate cause of the plaintiff's injury. At best, the appellant's act of telling her boyfriend about the plaintiff's remarks may have furnished the occasion for the assault, but her conversation was not one of the causes of the plaintiff's injuries *(see, Sheehan v City of New York,* 40 NY2d 496, 503). The sole proximate cause of the plaintiff's injuries was the assault upon him. Therefore, as a matter of law, the cause of action against the appellant founded upon negligence is without merit *(see, Andre v Pomeroy,* 35 NY2d 361).

Insofar as the complaint pleads a cause of action to recover damages for assault and battery based upon the appellant inciting her boyfriend to so act, this, too, is without merit, since the record reveals no evidence that the appellant committed any overt act in furtherance of the assault, or that she acted in concert with her boyfriend in planning the assault or asked her boyfriend to commit the assault (see, *Steinberg v Goldstein*, 27 AD2d 955; *Offenhartz v Cohen*, 168 AD2d 268; *Bichler v Lilly & Co.*, 55 NY2d 571). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.