■ SAMEER SHROFF, an Infant, by His Mother and Natural Guardian, HAMIDA SHROFF, et al., Respondents, v CRAIG FAILLA, an Infant, by His Father and Natural Guardian, DANIEL FAILLA, et al., Appellants and Third-Party Plaintiffs- Respondents-Appellants. JARROD PACHTER et al., Infants, by Their Natural Guardian, DAVID PACHTER, et al., Third-Party Defendants-Appellants-Respondents; ROBERT FITZGERALD, an Infant, by His Natural Guardian, VICTOR VESCOVA, et al., Third-Party Defendants-Respondents. [645 NYS2d 665] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiff's motion for sum- mary judgment against defendants in this negligence action.

Plaintiff submitted proof in evidentiary form establishing that her son was struck in the left eye with a .177 caliber pellet fired from a gun wielded by Craig Failla. That proof establishes plaintiff's entitlement to judgment as a matter of law, and defendants failed to raise an issue of fact in response thereto (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We further conclude that the court properly granted the motions of third-party defendants Jay Ryan, Robert Fitzgerald and Jason Pachter for summary judgment dismissing the third-party complaint against them. As the court concluded, those third-party defendants "neither discussed, encouraged nor in any other way participated in, assisted and/or benefited by [the] firing of the pellet gun [by Craig Failla]." Thus, they cannot be held liable for acting in concert with him (*see generally, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 295).

The court erred, however, in denying the motion of Jarrod Pachter for summary judgment dismissing the third-party complaint against him. Although Jarrod fired a BB gun in the direction of plaintiff's son at or about the same time that Craig Failla fired his pellet gun, it is undisputed that plaintiff's son was struck with a pellet and not a BB. In the absence of proof that Jarrod and Craig Failla acted in pursuance of a common plan or scheme to commit a tortious act upon plaintiff's son (*see, Bichler v Eli Lilly & Co.,* 55 NY2d 571, 580-581), the court should have dismissed that part of the sixth cause of action in the third-party complaint alleging that Jarrod Pachter acted in concert with defendant.

Finally, because defendants have no cause of action against Jarrod Pachter, they also have no cause of action against his father, David Pachter, for negligent entrustment of a dangerous instrumentality. Thus, we modify the order by dismissing the second cause of action against David Pachter and the sixth cause of action against Jarrod Pachter in the third-party complaint. (Appeals from Order of Supreme Court, Nassau County, Feuerstein, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.