■ DAWN M. STORR, Appellant, v FAY's, INC., Respondent, et al., Defendant. [674 NYS2d 787] —White, J. Appeal from an order of the Supreme Court (Hughes, J.), entered August 6, 1997 in Albany County, which, *inter alia*, granted a motion by defendant Fay's, Inc. for summary judgment dismissing the complaint against it.

This action arises out of an incident that occurred on November 30, 1988 at the Paper Cutter store operated by defendant Fay's, Inc. in the City of Albany. According to plaintiff, she was accosted in the store's parking lot by Michael Hammond, a loss prevention officer employed by Fay's, after being accused of shoplifting. Words were evidently exchanged and when Hammond attempted to apprehend plaintiff, the confrontation turned violent. Hammond allegedly slapped and punched plaintiff in the face, drawing blood and, when she fell to the ground, kicked her in the lower abdomen. As Hammond forcibly walked plaintiff back to the store, they passed Matthew Vetro, the assistant store manager, who had witnessed the altercation. Plaintiff maintains that she pleaded with Vetro not to allow Hammond to take her to a room in the back of the store alone and to call the police and an ambulance. Vetro refused to acknowledge plaintiff, instructing Hammond to bring her to the back room where Hammond sexually molested her. When Vetro came to the back room, plaintiff told him what had happened and again requested assistance. Instead of summoning help, Vetro and Hammond left the room whereupon plaintiff attempted to leave the store, only to be caught by Hammond and subjected to another beating. Vetro witnessed this incident, but again failed to intervene and prevented others from doing so. Ultimately, the police arrived and arrested plaintiff on charges of criminal impersonation in the second degree and petit larceny.[1] After being released from custody, plaintiff was hospitalized for three days.

---

**1.** On December 30, 1988, plaintiff was convicted upon her plea of guilty of the offense of disorderly conduct and received an unconditional dismissal.

While plaintiff retained an attorney shortly after the incident for the purpose of commencing an action against Fay's and Hammond, an action containing, *inter alia*, several intentional tort causes of action was not commenced until October 22, 1991. After issue was joined but prior to the completion of discovery, Fay's and Hammond moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion dismissing, *inter alia*, the intentional tort causes of action as being barred by the one-year Statute of Limitations (CPLR 215 [3]). It also granted plaintiff leave to serve a second amended complaint asserting, *inter alia*, a cause of action against Fay's alleging that Vetro was negligent in failing to prevent injury to her. Plaintiff did so[2] and, after discovery was completed, Fay's again moved for summary judgment, contending that plaintiff's negligence cause of action was barred by CPLR 215 (3) as, in essence, it was one for an intentional tort. Supreme Court agreed after finding that Vetro was not merely a negligent supervisor, but that plaintiff's injuries resulted from his intentional acts in concert with Hammond. Besides dismissing the negligence cause of action, Supreme Court also dismissed the causes of action for negligent hiring and punitive damages. Plaintiff appeals.[3]

To succeed on its motion, Fay's was required to come forward with evidentiary proof showing as a matter of law that Vetro committed an intentional tort by engaging in an overt act in furtherance of Hammond's assault or encouraging the assault in some way that evinced an intent to cause injury to plaintiff (*see, Cox v Kingsboro Med. Group*, 88 NY2d 904, 906; *Fariello v City of N. Y. Bd. of Educ.*, 199 AD2d 461, 463; *Offenhartz v Cohen*, 168 AD2d 268; *Steinberg v Goldstein*, 51 Misc 2d 825, *affd* 27 AD2d 955). To this end, Fay's relied on plaintiff's pleadings and her pretrial deposition which it claims established Vetro's actual and full knowledge of Hammond's actions and his conscious desire not to help her. Significantly, Fay's overlooked Vetro's pretrial deposition wherein he denies the material aspects of plaintiff's account of the incident. Additionally, there is no testimony therein from which it could be reasonably inferred that Vetro intended to harm plaintiff. Moreover, even if it can be assumed that he knew and appreciated the risk created by Hammond's conduct, that does not equate

**2.** This pleading also included legal malpractice and breach of contract causes of action against plaintiff's former attorney that are not in issue on this appeal.

**3.** Plaintiff has not addressed the dismissal of her negligent hiring cause of action in her brief. Therefore, we deem it abandoned (*see, Richardson v Richardson*, 186 AD2d 946, 947, *lv dismissed, lv denied* 81 NY2d 867).

with an intent to cause injury (*see, Shea v Cornell Univ.*, 192 AD2d 857; *Finch v Swingly*, 42 AD2d 1035). Therefore, upon this record, we cannot say as a matter of law that Vetro committed an intentional tort. Accordingly, Supreme Court should have allowed plaintiff to proceed with her negligence cause of action.

On Fay's consent, we shall grant plaintiff leave to serve an amended complaint that includes a request for punitive damages in its ad damnum clause.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Fay's, Inc. for dismissal of plaintiff's first cause of action; said motion denied to that extent and plaintiff granted leave to serve an amended complaint to include a request for punitive damages in the ad damnum clause; and, as so modified, affirmed.