■ DAVID RADLIN, Appellant, v ALON BRENNER et al., Defendants, and STEPHANIE SUTTON, Respondent. [730 NYS2d 896] —Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he was assaulted by defendant Alon Brenner, the boyfriend of Stephanie Sutton (defendant). Plaintiff alleges that defendant negligently or intentionally caused the assault by making false and misleading statements to Brenner concerning a sexual encounter between defendant and plaintiff. Supreme Court properly granted the motion of defendant seeking summary judgment dismissing the complaint against her. Assuming, arguendo, that defendant made the alleged false and misleading statements to Brenner, we conclude that her conduct was not a proximate cause of plaintiff's injuries (see, Fariello v City of New York Bd. of Educ., 199 AD2d 461, 462). Thus, the causes of action against defendant founded upon negligence are without merit (see, Fariello v City of New York Bd. of Educ., supra, at 462). With respect to the causes of action against defendant founded upon intentional conduct, defendant established her entitlement to judgment as a matter of law by submitting proof that she neither encouraged Brenner to assault plaintiff (see, Shea v Cornell Univ., 192 AD2d 857, 858) nor otherwise aided, abetted or contributed to the assault (see, Gurfein v Kelly, 259 AD2d 664, 665; Fariello v City of New York Bd. of Educ., supra, at 463), and plaintiff failed to raise a triable issue of fact. "More than mere conjecture is required to directly link [defendant] to the assault and suggest complicity" (Shea v Cornell Univ., supra, at 858; see, Steinberg v Goldstein, 27 AD2d 955, 955-956). Similarly, the proof submitted by defendant establishes that she is not liable for the assault under the theory that she acted in concert with Brenner (see, Shroff v Failla, 229 AD2d 1031, 1032; Fariello v New York City Bd. of Educ., supra, at 463), and plaintiff failed to raise a triable issue of fact with respect to that theory. (Appeal from Order and Judgment of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.