■ CHRISTOPHER GAIGE, Appellant, v MAUREEN KEPLER, Respondent, et al., Defendants. [756 NYS2d 644] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated April 16, 2002, as granted the cross motion of the defendant Maureen E. Kepler for summary judgment dismissing the complaint insofar as asserted against her, and denied his cross motion for summary judgment on the issue of liability as against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was driving on Route 25A in Suffolk County on his way home from work when his vehicle allegedly was forced onto the shoulder of the road as the result of a sudden swerve of the vehicle operated by the defendant Maureen Kepler. There was no contact between the vehicles, and the plaintiff proceeded to his home. As he exited his vehicle in front of his home, Kepler, who had followed the plaintiff, parked her vehicle next to his vehicle. Kepler exited her vehicle and, while Kepler and the plaintiff exchanged words on the street, a male occupant of the Kepler vehicle, later identified as the nonparty John Garlans, assaulted the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries against Kepler, among others, alleging that she was negligent in the use and operation of her vehicle and that she incited Garlans to assault him. The plaintiff also al-

leged that Garlans, a minor, was intoxicated and that Kepler assisted in providing Garlans with alcohol, in violation of the Dram Shop Act. The Supreme Court granted Kepler's motion for summary judgment dismissing the complaint insofar as asserted against her and denied the plaintiff's cross motion for summary judgment on the issue of liability as against Kepler. We affirm.

The Supreme Court properly determined that Kepler owed no duty to prevent Garlans, whom she did not supervise or control, from assaulting the plaintiff (see D'Amico v Christie, 71 NY2d 76 [1987]; Pulka v Edelman, 40 NY2d 781, 783 [1976]). Contrary to the plaintiff's contention, foreseeability of injury does not alone determine the existence of duty (see Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]; Strauss v Belle Realty Co., 65 NY2d 399, 402 [1985]; Badou v New Jersey Tr. Rail Operations, 221 AD2d 303 [1995]). Even assuming that Kepler owed such a duty to the plaintiff, her acts or omissions in following him in her vehicle, stopping and exiting her vehicle, and engaging him in a verbal altercation were not the proximate cause of the plaintiff's injuries but merely furnished the condition for the event's occurrence (see Radlin v Brenner, 286 AD2d 881 [2001]; Fariello v City of N.Y. Bd. of Educ., 199 AD2d 461 [1993]; Moss v New York Tel. Co., 196 AD2d 492, 493 [1993]). The sole proximate cause of the plaintiff's injuries was the assault by Garlans. Therefore, as a matter of law, the causes of action against Kepler founded upon negligence and gross negligence are without merit (see Radlin v Brenner, supra; Fariello v City of N.Y. Bd. of Educ., supra).

The Supreme Court also properly dismissed the complaint insofar as it alleged negligence in the use or operation of a motor vehicle, as it is undisputed that there was no physical contact between Kepler's and the plaintiff's vehicles, or between Kepler's vehicle and the plaintiff himself (see Vehicle and Traffic Law § 388; Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 562 [1999]; Olin v Moore, 178 AD2d 517 [1991]; Horney v Tisyl Taxi Corp., 93 AD2d 291 [1983]).

The Supreme Court also properly dismissed so much of the complaint as asserted a cause of action to recover damages for assault and battery based upon Kepler inciting Garlans. The record reveals no evidence that Kepler committed any overt act in furtherance of the assault, that she acted in concert with Garlans in planning the assault, or that she asked Garlans to commit the assault (see Radlin v Brenner, supra; Gurfein v Kelly, 259 AD2d 664, 665 [1999]; Fariello v City of N.Y. Bd. of

*Educ., supra*; *Steinberg v Goldstein,* 27 AD2d 955 [1967]). The plaintiff's self-serving affidavit, submitted in opposition to the motion, which included the assertion that "it seems to me in hindsight that [Kepler] acted as a distraction, while her passengers exited their vehicle and snuck up to strike me from behind," is based on mere conjecture and insufficient to raise a triable issue of fact (*see Shea v Cornell Univ.,* 192 AD2d 857, 858 [1993]; *Steinberg v Goldstein, supra* at 955-956).

Insofar as the plaintiff alleged a violation of the Dram Shop Act, Kepler met her initial burden of establishing her prima facie entitlement to judgment as a matter of law by demonstrating that there was no proof that Garlans was intoxicated at the time of the assault (*see* General Obligations Law § 11-100; *Basile v Francino,* 253 AD2d 779 [1998]), and the plaintiff failed to raise a triable issue of fact. Moreover, the plaintiff failed to allege a violation of General Obligations Law § 11-101, which requires a commercial sale of alcohol, and there is no right of action for violation of Alcoholic Beverage Control Law § 65 (*see Sherman v Robinson,* 80 NY2d 483, 486 [1992]; *D'Amico v Christie, supra*).

The plaintiff's remaining contention is without merit. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.