■ JACLYN DONNELLY, Appellant, v KARA ELLING et al., Defendants, and THOMAS J. WHELAN, Respondent. [925 NYS2d 184]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Nassau County (Iannacci, J.), dated April 20, 2010, as granted that branch of the motion of the defendant Thomas J. Whelan which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff dated the defendant Thomas J. Whelan for over one year. Shortly after they broke up, Whelan began to date the defendant Sheridan J. Coulter. The plaintiff allegedly received harassing e-mails and telephone calls from Coulter and her friend, the defendant Jillian Pavone. Coulter and Pavone alleged that the plaintiff harassed them also. On June 2, 2006, the plaintiff, Whelan, and Coulter agreed to meet after midnight at a train station to discuss the situation. Whelan and Coulter picked up Pavone and Pavone's friend, the defendant Kara Elling, and Whelan drove them to meet the plaintiff at the station. At the station, the plaintiff was assaulted by Coulter, Pavone, and Elling.

Thereafter, the plaintiff commenced this action to recover damages for personal injuries. Whelan moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, contending that he did not owe a duty to the plaintiff.

Whelan established his entitlement to judgment as a matter of law by demonstrating that he had no duty to protect the plaintiff from the criminal acts of Coulter, Pavone, and Elling (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8-9 [1988]; *D'Amico v Christie*, 71 NY2d 76, 88-89 [1987]; *Gaige v Kepler*, 303 AD2d 626, 627 [2003]; *see also Troiano v DeMarco*, 50 AD3d 1020, 1021 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Whelan assumed a duty of care or created the situation which led to the assault (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of Whelan's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.