McKiernan v Vaccaro (2019 NY Slip Op 00267)





McKiernan v Vaccaro


2019 NY Slip Op 00267


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07307
2017-11396
 (Index No. 796/14)

[*1]Peter G. McKiernan, appellant, 
v
Joseph Vaccaro, etc., et al., defendants, Ernest Mancuso, Jr., respondent.


Peter G. McKiernan, White Plains, NY, appellant pro se.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered May 9, 2017, and August 24, 2017, respectively. The order entered May 9, 2017, insofar as appealed from, granted the motion of the defendant Ernest Mancuso, Jr., to vacate the note of issue and thereupon provided that the defendant Ernest Mancuso, Jr., could conduct certain discovery. The order entered August 24, 2017, granted the motion of the defendant Ernest Mancuso, Jr., for summary judgment dismissing the complaint insofar as asserted against him, and denied the plaintiff's cross motion pursuant to CPLR 3212(g) for an order specifying facts not in dispute.
ORDERED that the order entered May 9, 2017, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order entered August 24, 2017, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Ernest Mancuso, Jr., which was for summary judgment dismissing the cause of action alleging aiding and abetting an assault and battery insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered August 24, 2017, is affirmed, without costs or disbursements.
On January 18, 2013, the plaintiff allegedly was injured during a "road rage" incident that resulted in a physical altercation with the defendant Joseph Vaccaro. Vaccaro was a front-seat passenger in a vehicle driven by his grandfather, the defendant Ernest Mancuso, Jr. While the plaintiff and Mancuso differ in their accounts as to what led up to the physical altercation, it is undisputed that Vaccaro exited Mancuso's vehicle and struck the plaintiff in the face.
Thereafter, the plaintiff, proceeding pro se, commenced this action against, among others, Vaccaro and Mancuso, inter alia, to recover damages for personal injuries. With respect to Mancuso, the plaintiff asserted causes of action alleging, inter alia, negligence and aiding and [*2]abetting an assault and battery.
In July 2016, the plaintiff filed a note of issue along with an affidavit explaining that discovery remained outstanding, including the parties' depositions and an independent medical examination of the plaintiff. Thereafter, Mancuso moved to vacate the note of issue due to the outstanding discovery issues. The plaintiff opposed Mancuso's motion, arguing that the motion should be denied on the grounds that the affirmation of good faith submitted by Mancuso's counsel was insufficient and Mancuso did not comply with prior discovery orders by, inter alia, failing to provide an authorization to obtain his auto insurance carrier's no fault file or all copies of his primary, contributing, and excess insurance agreements, except for a copy of his homeowner's policy. The plaintiff then cross-moved to compel Mancuso to provide outstanding discovery.
While Mancuso's motion to vacate the note of issue and the plaintiff's cross motion to compel discovery were pending, Mancuso moved for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff cross-moved pursuant to CPLR 3212(g) for an order specifying facts not in dispute.
In an order entered May 9, 2017, the Supreme Court granted the Mancuso's motion to vacate the note of issue and thereupon set forth, inter alia, dates by which the parties' depositions and an independent medical examination of the plaintiff were to be conducted. The court also granted the plaintiff's cross motion to compel discovery to the extent of directing Mancuso to disclose all insurance policies that might potentially provide coverage to him for the incident, provide an authorization for his auto insurance carrier's no fault file, and respond to the plaintiff's demand for a supplemental bill of particulars as to Mancuso's affirmative defenses.
In an order entered August 24, 2017, the Supreme Court granted Mancuso's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied the plaintiff's cross motion for an order pursuant to CPLR 3212(g) due to the plaintiff's failure to file supporting papers with his cross motion. The plaintiff appeals from both orders.
"Pursuant to Uniform Rules for Trial Courts, a note of issue must be accompanied by a certificate of readiness, which must state that there are no outstanding requests for discovery and the case is ready for trial" (Slovney v Nasso, 153 AD3d 962, 962; see 22 NYCRR 202.21[a], [b]; Furrukh v Forest Hills Hosp., 107 AD3d 668, 669). Here, the plaintiff's certificate of readiness stated that significant discovery remained outstanding when the note of issue and certificate of readiness were filed. Since the certificate of readiness failed to materially comply with the requirements of 22 NYCRR 202.21, the filing of the note of issue was a nullity (see Slovney v Nasso, 153 AD3d at 962; Furrukh v Forest Hills Hosp., 107 AD3d at 669). Since the note of issue was a nullity, the plaintiff's argument that the Supreme Court erred in permitting Mancuso to continue with discovery is without merit. Moreover, the plaintiff's contention that counsel's affirmation of good faith in support of Mancuso's motion to vacate the note of issue was insufficient is without merit (see Suarez v Shapiro Family Realty Assoc., LLC, 149 AD3d 526, 527). Accordingly, we agree with the court's determination to grant Mancuso's motion to vacate the note of issue and to permit Mancuso to conduct certain discovery.
However, the Supreme Court should not have granted Mancuso's motion for summary judgment dismissing the complaint insofar as asserted against him in its entirety. With respect to a cause of action alleging common-law negligence, "[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control" (D'Amico v Christie, 71 NY2d 76, 88; see Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8; Citera v County of Suffolk, 95 AD3d 1255, 1258). "However, certain relationships may give rise to such a duty, but then only when the defendant has the ability and authority to control the third persons' conduct" (Conboy v Mogeloff, 172 AD2d 912, 913; see Arango v Vasquez, 89 AD3d 875, 876).
Here, Mancuso established, prima facie, that he did not owe a duty to the plaintiff by virtue of the relationship Mancuso had with Vaccaro. The fact that Mancuso could have exercised [*3]control over Vaccaro, his college-aged grandson, did not create a duty to do so (see D'Amico v Christie, 71 NY2d at 89-90). In addition, the mere fact that Vaccaro was a passenger in Mancuso's vehicle did not create a duty on the part of Mancuso to control Vaccaro's conduct (see Gaige v Kepler, 303 AD2d 626, 627). In opposition, the plaintiff failed to raise a triable issue of fact (see Donnelly v Elling, 85 AD3d 847, 848; Gaige v Kepler, 303 AD2d at 627; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination to grant those branches of Mancuso's motion which were for summary judgment dismissing the causes of action grounded in negligence insofar as asserted against him.
To be liable for an assault under an aiding and abetting theory, a defendant must have committed some overt act, either by words or conduct, in furtherance of the assault (see Offenhartz v Cohen, 168 AD2d 268, 268). Here, Mancuso established, prima facie, that he did not commit an overt act in furtherance of Vaccaro's assault on the plaintiff (see Gaige v Kepler, 303 AD2d at 627-628; Shea v Cornell Univ., 192 AD2d 857, 858). In opposition, however, the plaintiff raised a triable issue of fact as to whether Mancuso's actions preceding the assault constituted an overt act in furtherance of the assault (see Scollo v Nunez, 60 AD3d 840). Accordingly, the Supreme Court should have denied that branch of Mancuso's motion which was for summary judgment dismissing the cause of action alleging aiding and abetting an assault and battery insofar as asserted against him.
Further, we agree with the Supreme Court's determination to deny the plaintiff's cross motion pursuant to CPLR 3212(g) for an order specifying facts not in dispute.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court