Gray v Air Excel Serv. Corp. (2019 NY Slip Op 02857)





Gray v Air Excel Serv. Corp.


2019 NY Slip Op 02857


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04713
 (Index No. 700885/15)

[*1]Aron Gray, plaintiff-respondent, 
v
Air Excel Service Corp., appellant, Joseph M. Rodriguez, defendant-respondent.


DeSena & Sweeney, LLP, Bohemia, NY (Louis J. DeSena, Brian P. Callahan, and Shawn O'Shaughnessy of counsel), for appellant.
Sullivan & Brill, LLP, New York, NY (James Healy of counsel), for plaintiff-respondent.
Picciano & Scahill, P.C., Bethpage, NY (Frances J. Scahill and Andrea E. Ferrucci of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Air Excel Service Corp. appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered April 10, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the first cause of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On February 7, 2014, the defendant Joseph M. Rodriguez (hereinafter the defendant driver) was driving a van allegedly owned by the defendant Air Excel Services Corp. (hereinafter Air Excel) on Rockaway Beach Boulevard in Queens. Both the plaintiff and the defendant driver assert that the other, over a distance of several blocks, was driving inappropriately and aggressively by, inter alia, stopping suddenly, tailgating, and swerving. The plaintiff, in his deposition, testified that near Beach 86th Street and Rockaway Beach Boulevard, the defendant driver cut off the plaintiff's vehicle, allegedly causing the plaintiff to swerve into lanes of oncoming traffic, slam on his brakes, and eventually come to a stop next to a snow bank, perpendicular to oncoming traffic. According to the plaintiff, when the vehicle stopped, he felt pain in his shoulder and neck. Thereafter, the plaintiff and the defendant driver engaged in a physical altercation. The plaintiff testified that the defendant tackled him, knocking him to the ground, and then punched the plaintiff repeatedly in the face. The defendant driver was arrested and charged with, inter alia, assault. Although the defendant driver testified at his deposition that the plaintiff was the aggressor, on March 2, 2015, the defendant driver pleaded guilty to misdemeanor assault in the third degree and a disorderly conduct violation.
The plaintiff commenced this personal injury action alleging, in the first cause of action, that Air Excel was vicariously liable for the defendant driver's negligent operation of its vehicle under Vehicle and Traffic Law § 388. The second cause of action alleged assault, and the [*2]third cause of action alleged negligent hiring. Following discovery, Air Excel moved for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court awarded summary judgment to Air Excel dismissing the second and third causes of action, and denied that branch of Air Excel's motion which was for summary judgment dismissing the first cause of action. The court determined that Air Excel had failed to eliminate all triable issues of fact as to whether the defendant driver negligently operated the vehicle and whether this conduct was a proximate cause of the plaintiff's injuries. Air Excel appeals.
Vehicle and Traffic Law § 388(1) provides that "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." "To establish liability pursuant to Vehicle and Traffic Law § 388(1), the plaintiff must show negligence in the use or operation of the vehicle, and that the negligence was a cause of the injury" (Ciminello v Sullivan, 65 AD3d 1002, 1003, citing Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 562).
Here, triable issues of fact exist as to whether the defendant driver's use or operation of the vehicle was negligent (see White v Mayfield, 161 AD3d 1552, 1554; Faulk v Vital, 16 AD3d 544; Estate of Marone v Chaves, 306 AD2d 372, 373). The plaintiff testified at his deposition that the defendant driver cut the plaintiff off as he attempted to make a right turn, which allegedly forced the plaintiff to swerve into lanes of oncoming traffic and to "slam" on his brakes. However, at his deposition, the defendant driver testified that he had been driving in the left lane on Rockaway Beach Boulevard behind the plaintiff, who had repeatedly braked suddenly and had delayed proceeding through a green light. According to the defendant driver, once traffic cleared on his right, he moved to the right of, and then passed in front of, the plaintiff's vehicle. Then, according to the defendant driver, as he was trying to make a left turn into the "pathway" of a mini mart, the plaintiff's vehicle, which was on his left in an oncoming traffic lane, tried to pass him. Where there are conflicting versions of events, it is for the trier of fact to evaluate credibility and determine what happened (see White v Mayfield, 161 AD3d at 1554; Brown v Kass, 91 AD3d 894, 895; Gause v Martinez, 91 AD3d 595, 596).
Triable issues of fact also exist as to whether the defendant driver's allegedly improper driving was a proximate cause of the plaintiff's injuries (see Ayotte v Gervasio, 81 NY2d 1062, 1063; Lindner v Guzman, 163 AD3d 947, 949). After his vehicle came to a stop and prior to the alleged assault, the plaintiff testified that he felt pain in his shoulder and neck, which may be consistent with the shoulder injuries he allegedly sustained. Although Air Excel contends that the plaintiff's injuries only resulted from the subsequent assault, there may be more than one proximate cause of a plaintiff's injuries (see Alexander v City of New York, 21 AD3d 389, 390). Here, accepting the plaintiff's testimony as true for purpose of summary judgment, Air Excel has failed to eliminate all triable issues of fact as to whether the alleged vehicular incident contributed to the plaintiff's injuries (see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; cf. Gaige v Kepler, 303 AD2d 626, 627). Thus, we agree with the Supreme Court's determination that Air Excel failed to establish its prima facie entitlement to judgment as a matter of law dismissing the first cause of action insofar as asserted against it (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; White v Mayfield, 161 AD3d at 1554; Faulk v Vital, 16 AD3d at 544; Estate of Marone v Chaves, 306 AD2d at 373). Accordingly, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court