Lanfranchi v Grille (2019 NY Slip Op 03780)





Lanfranchi v Grille


2019 NY Slip Op 03780


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-01258
 (Index No. 60037/14)

[*1]Michael Lanfranchi, respondent, 
v
Bulldog Grille, et al., defendants, John Heinbuch, appellant.


Costantino & Costantino, Copiague, NY (Joseph A. Costantino of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant John Heinbuch appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated December 4, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant John Heinbuch for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries he sustained on January 7, 2013, at premises owned by the defendant Bulldog Grille, when he allegedly was physically assaulted by the defendants John Heinbuch, John Doe #1, and/or John Doe #2, who were patrons of the Bulldog Grille. Heinbuch moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that he did not strike the plaintiff and that he did not owe a duty to the plaintiff to protect him from the criminal acts of the third-parties who assaulted him. The Supreme Court denied Heinbuch's motion, and Heinbuch appeals.
"Generally, there is no duty to control the conduct of third persons to prevent them from causing injury to others'" (Oddo v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc., 28 NY3d 731, 735, quoting Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8; see D'Amico v Christie, 71 NY2d 76, 88). Here, Heinbuch established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not strike the plaintiff and that he had no duty to control the conduct of the persons who assaulted the plaintiff (see Donnelly v Elling, 85 AD3d 847, 848; Gaige v Kepler, 303 AD2d 626, 627). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Heinbuch created the situation which led to the assault, or acted tortiously pursuant to a tacit agreement to assault or batter the plaintiff (see Donnelly v Elling, 85 AD3d at 848; cf. Scollo v Nunez, 60 AD3d 840).
Accordingly, the Supreme Court should have granted Heinbuch's motion for [*2]summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court