THEODORE LUCE et al., as Parents and Natural Guardians of TINA LUCE, an Infant, Appellants, v ST. PETER'S HOSPITAL et al., Respondents.

Third Department, March 11, 1982

**APPEARANCES OF COUNSEL**

*Mark B. Wiesen* (*Francis Bergan* of counsel), for appellants.

*Carter, Conboy, Bardwell, Case & Blackmore* (*James S. Carter* and *Dennis A. First* of counsel), for respondents.

**OPINION OF THE COURT**

SWEENEY, J. P.

This is a medical malpractice action against the two defendant doctors based on the alleged negligent administering of oxygen to plaintiffs' prematurely born daughter on May 15, 1969, as a result of which she is blind. Pursuant to section 148-a of the Judiciary Law, a hearing was held before a medical malpractice panel which resulted in a unanimous recommendation that defendants be held not liable. At the trial, plaintiffs' counsel called the physician

and attorney panel members as witnesses, but was not allowed to question them on possible bias or prejudice. During the trial, plaintiffs sought to disqualify the panel members and vacate the panel's recommendation, which request was denied. The jury returned a verdict of no cause of action. This appeal ensued and plaintiffs raise several issues urging reversal.

Two of the issues raised by plaintiffs pertain to the medical malpractice panel and are somewhat related. We will consider them first. Plaintiffs contend that the court erred in refusing their request to disqualify the members of the malpractice panel and vacate their recommendations. Plaintiffs further contend that the court impermissibly restricted the scope of examination of the panel members on the issue of bias.

The record reveals that approximately one week after the trial began, plaintiffs attempted to offer proof that the physician and attorney on the panel should have been disqualified and the panel's recommendation vacated. The court denied the request as untimely. Section 148-a of the Judiciary Law makes provision for the establishment of medical malpractice panels and for the appointment of three members, including a Justice of the Supreme Court, a physician and an attorney at law. It also provides that prior to the date set for the hearing any party may object to the physician or attorney who has been designated (Judiciary Law, § 148-a, subd 2, par [d]). Subsequent to the initial enactment of section 148-a, the section was amended to provide that if the panel's recommendation on the question of liability is unanimous it may be received in evidence at trial but is not binding on the jury (L 1975, ch 109, § 16). The amendment further provides that either party may call the physician or attorney member of the panel as a witness (Judiciary Law, § 148-a, subd 8). We agree with the trial court's conclusion that plaintiffs' request was untimely. While plaintiffs' attorney attempted to justify his action on the ground that his clients' interest dictated that he "dispel the attack of the decision of [the] unanimous panel", he concededly was aware of the information before the trial started. In our view, he should have made his motion when the information was first revealed and not

have waited until the trial was in progress (cf. *Virgo v Bonavilla,* 49 NY2d 982).

Plaintiffs attempted during trial to demonstrate that the physician panel member was a colleague of defendants and on the same hospital staff and that the attorney panel member, at the time of the hearing before the panel, was representing St. Peter's Hospital, a defendant in the instant lawsuit which settled out of court, in another unrelated malpractice action. The trial court did not permit plaintiffs' counsel to examine the witnesses as to bias, prejudice or other inferences. We believe this was an impermissible restriction on plaintiffs' scope of examination. It is well established that bias of a witness may always be exposed to affect his credibility (*Thompson v Korn,* 48 AD2d 1007) and this may be done in various ways, including the demonstration of a business or close social relationship of the witness to one of the parties (Richardson, Evidence [10th ed], § 503, p 491). The fact that in the present case the court initially denied as untimely plaintiffs' request to disqualify the panel and vacate the panel's recommendation, does not preclude plaintiffs from offering proof of bias once a panel member takes the stand. The unanimous recommendation of the panel, without peradventure, could have had a decided impact on the jury's conclusion. The recommendation is equated to that of the testimony of an expert witness, but clearly it goes much further than the mere opinion of an expert. It represents a determination on the crucial issue of liability. Admittedly, a party may show the bias of an expert witness. A fortiori, one should be permitted no less when a panel member testifies in a malpractice action. This is especially so since the statute specifically provides that the recommendation is not binding on the jury, but rather shall be accorded such weight as the jury or the trial court chooses to ascribe to it (Judiciary Law, § 148-a, subd 8). Many ingredients are considered in assessing the weight to be given the testimony of a witness, including that of bias. As the Court of Appeals recently stated in a case decided after the judgment in the present case, "any line of inquiry should be permitted which is found by the Trial Judge in the circumstances of the particular case not

to be otherwise inadmissible and to be relevant and material to the assessment by the triers of fact of the evidential persuasiveness of the recommendation" (*Bernstein v Bodean,* 53 NY2d 520, 528-529). We are of the view that the questions proffered by plaintiffs' attorney were permissible under the standard set forth in *Bernstein,* and the trial court's refusal to allow them requires reversal. As to any prejudice in the court's rulings, it is only necessary to refer to the Trial Judge's remarks when he stated, in substance, that if plaintiffs' request for disqualification of the panel had been timely, the proof presented by plaintiffs was such that he would not have permitted the case to proceed to trial and would likely have set aside the panel's recommendation and ordered a new hearing. Consequently, there must be a reversal and a new trial. We find it unnecessary to reach the constitutional or other issues raised by plaintiffs since a new trial is required and these issues may not arise on another trial.

The judgment should be reversed, on the law, with costs, and a new trial ordered.

KANE, J. (dissenting). I recognize that there is little room for disagreement with the well-reasoned legal conclusions set forth in the opinion of the majority. However, if I were to reach the issue of the possible bias of panel members, I would argue that failure to disclose known information to the court prior to trial should act as a waiver of any objection to qualifications of panel members (see *Virgo v Bonavilla,* 49 NY2d 982). As the Court of Appeals observed in *Virgo* (p 984), "[a] party is not permitted to speculate upon a favorable verdict before asserting a claim".

Nevertheless, it is my view that this record fails to demonstrate that these doctors violated any of the component duties to their patient that would cast them in liability for medical malpractice. It is abundantly clear that the defendant doctors possessed the requisite knowledge and skill as is possessed by physicians and surgeons of their expertise in the locality where they practiced, exercised ordinary and reasonable care in the application of that professional knowledge and skill in the care and treatment of this critically ill, premature infant, and employed their best clinical judgment in the application of that knowledge

and skill (*Pike v Honsinger,* 155 NY 201, 209-210). Plaintiffs' experts, with knowledge born of the event and with the advantage of 11 years additional research on the subject, offered what can, at best, be labeled as suggestions as to how they might have proceeded. I find nothing in that expert testimony supporting a method of procedure *different* from that employed by the defendant doctors. Accordingly, there is no basis upon which a jury could, by any fair interpretation of the evidence, find these doctors guilty of malpractice.

I would affirm.

YESAWICH, JR., and LEVINE, JJ., concur with SWEENEY, J. P.; KANE, J., dissents and votes to affirm in a separate opinion.

Judgment reversed, on the law, with costs, and new trial ordered.