■ ROBERT HERMAN, Respondent-Appellant, v DONALD WESGATE et al., Defendants, and JAMES HERBERT et al., Appellants, and JAMES HAUCK, Respondent. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff was injured while a guest at a stag party to celebrate the impending marriage of defendant Thomas Hauck. The party was held onboard a barge owned by defendant Donald Wesgate and Thomas Rouse. Following a three-hour cruise, the barge was anchored near the shoreline of Irondequoit Bay. The depth of the water off the bow of the barge was approximately two feet. Several guests began "skinny dipping" and, within a brief period of time, some in the party began to throw others still clothed off the bow into the water. Two or more individuals escorted plaintiff to the bow of the barge where, unwillingly, he went overboard. Trauma to his head or neck resulted in injury to his spinal cord. These appeals are from two orders of Special Term. The first granted defendant John Hauck's motion for dismissal of the complaint (CPLR 3211, subd [a], par 7) and for summary judgment (CPLR 3212), and denied without prejudice the motions of defendants Michael Hauck, Thomas Hauck and Timothy Di Mino for the same relief. The second granted defendant James Hauck's motion for dismissal of the complaint, summary judgment and for dismissal of all cross claims against him. It was improper to grant the motions of defendants John Hauck and James Hauck. Plaintiff's complaint alleges

concerted action by all of the defendants. "Concerted action liability rests upon the principle that '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him' (Prosser, Torts [4th ed], § 46, at p 292; see, also, Restatement, Torts 2d, § 876). An injured plaintiff may pursue any one joint tort-feasor on a concerted action theory (see *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551). Such tort-feasor may, in turn, seek contribution from others who acted in concert with him (see *Dole v Dow Chem. Co.,* 30 NY2d 143)." (*Bichler v Lilly & Co.,* 55 NY2d 571, 580-581.) Here, the conduct of the defendants alleged to be dangerous and tortious is the pushing or throwing of guests, against their will, from the barge into the water. Liability of an individual defendant will not depend upon whether he actually propelled plaintiff into the water; participation in the concerted activity is equivalent to participation in the accident resulting in the injury (see *Finn v Morgan,* 46 AD2d 229). Whether codefendants acted in concert is generally a question for the jury (*De Carvalho v Brunner,* 223 NY 284). The complaint states a cause of action against each of the defendants and the record presents questions of fact as to whether defendants John Hauck and James Hauck acted in concert with the other defendants. Thus summary judgment should not have been granted (*Ugarriza v Schmieder,* 46 NY2d 471). (Appeals from order of Supreme Court, Monroe County, Siracuse, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.