■ LAWRENCE RIGATTI, Respondent, v HARVEY R. LEVENTHAL et al., Appellants.—In an action to recover damages for medical malpractice, the defendants appeal from a judgment of the Supreme Court, Richmond County (Leone, J.), dated February 23, 1990, which, upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $500,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted limited to the issue of past pain and suffering, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to decrease the award of damages to the principal sum of $350,000, and to entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order with notice of entry.

The defendants contend, *inter alia,* that their motion for a mistrial should have been granted when the plaintiff's attorney asked the attorney member of the medical malpractice panel whether he was aware, at the time of the panel's recommendation, that the physician member of the panel was a client of the defendants' trial attorneys. We disagree. No response was made to this inquiry, the court sustained the objection, and instructed the jury to disregard the question. In any event, the defendants were not prejudiced by the mere asking of the question since this line of inquiry was proper, and the court could have allowed it. Thus, the defendants were granted a benefit by the court's ruling, rather than being prejudiced by the mere asking of a proper question. With

regard to the questioning of an attorney or physician member of a medical malpractice panel, although limited in scope *(see, Judiciary Law former § 148-a [8])*, "any line of inquiry should be permitted which is found by the Trial Judge in the circumstances of the particular case not to be otherwise inadmissible and to be relevant and material to the assessment by the triers of fact of the evidential persuasiveness of the recommendation" *(Bernstein v Bodean, 53 NY2d 520, 528-529)*. Inquiry into the possible bias of a panel member is a proper subject on which to examine the members of the medical malpractice panel *(see, Luce v St. Peter's Hosp., 85 AD2d 194)*. Furthermore, the fact that the plaintiff may have waived his objection to the makeup of the medical malpractice panel does not preclude inquiry into possible bias or prejudice on the part of the panel members *(see, Luce v St. Peter's Hosp., supra)*.

The defendants also contend that the trial court abused its discretion in allowing the plaintiff to call a rebuttal witness to respond to the contention of the defendants' expert that cranioplasty is a cosmetic procedure and has no effect on speech or seizure disorders. When, and in what order, evidence should be introduced are matters within the trial court's discretion. We find no improvident exercise of discretion in this case.

We do agree with the defendants, however, that an award of $500,000 deviates materially from what would be reasonable compensation *(see, CPLR 5501 [c])*. Without minimizing the pain and the effects of seizures, occasional loss of body functions, and a speech defect, we note that the plaintiff's condition was corrected after three and one-half years and we conclude that the monetary award was excessive to the extent indicated *(see, Jurgen v Linesburgh, 159 AD2d 689; Marmo v Southside Hosp., 143 AD2d 891)*.

We have examined the defendants' remaining contentions and find them to be without merit. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.