■ LEWIS B. PROUGH, as Administrator of the Estate of EDWARD A. PROUGH, Deceased, Appellant, v CHARLES H. OLMSTEAD et al., Respondents. [619 NYS2d 404] —Casey, J. Appeal from an order of the Supreme Court (Rose, J.), entered October 27, 1993 in Tioga County, which granted motions by defendants Ray J. Arnold and Howard A. Baker for summary judgment dismissing the complaint against them.

Edward A. Prough (hereinafter decedent) was killed when the vehicle he was driving left the road and hit a tree. In this wrongful death action, plaintiff seeks to recover damages from three defendants: Charles H. Olmstead, who was driving a vehicle that was following decedent's vehicle; Ray J. Arnold, who was a passenger in the Olmstead vehicle; and Howard A. Baker, the owner of a restaurant. There is evidence in the record that decedent was intoxicated when he drove out of the parking lot of Baker's restaurant, striking a stone near the entrance to the parking lot and narrowly missing the Olmstead vehicle. It is alleged that Baker asked Olmstead and Arnold to follow decedent's vehicle to obtain its license plate number. Contending that a high-speed chase ensued which resulted in decedent's death, plaintiff seeks to recover from all defendants on a concerted action theory. Supreme Court granted summary judgment to Arnold and Baker, resulting in this appeal by plaintiff.

The record contains evidence that Arnold was not merely a passive occupant in the Olmstead vehicle, but instead actively participated in the pursuit of decedent's vehicle as the pursuit escalated into a high-speed chase. Inasmuch as active participation in the concerted activity is a sufficient basis for the imposition of liability (see, Herman v Wesgate, 94 AD2d 938, 939), we are of the view that Arnold was not entitled to summary judgment. There are questions of fact as to whether

the Olmstead vehicle engaged in a high-speed chase of decedent's vehicle during which both vehicles were driven recklessly and at excessive speeds. Additionally, there are questions of fact concerning the nature and scope of Arnold's participation in the activity, including the use of a flashing blue light, and whether the tortious conduct was a proximate cause of decedent's death. As to Baker, however, it is our view that the evidence in the record provides no basis for imposing liability.

Plaintiff's claim against Baker is premised on the theory that "[a] private citizen asking two people to chase a car on a rural public roadway to obtain a license plate number is a tortious act". There is nothing in the record to demonstrate that Baker requested the use of any and all means to obtain the license plate number or otherwise requested or encouraged Olmstead and Arnold to use excessive speed, engage in reckless conduct or violate the Vehicle and Traffic Law. If the evidence established that the Olmstead vehicle had followed decedent's vehicle at a reasonable speed and otherwise exercised reasonable care, with no evidence of a high-speed chase, reckless conduct or other violation of the Vehicle and Traffic Law, none of defendants could be held liable for decedent's death.

The tortious conduct, if any, occurred during the course of the pursuit when it allegedly escalated into a high-speed chase and is the result of the actions of Arnold and/or Olmstead in allegedly failing to exercise reasonable care in their pursuit of decedent's vehicle. In the absence of any evidence that Baker requested or encouraged Olmstead and Arnold to engage in a high-speed chase or other tortious conduct, Baker did not act tortiously, which is an essential element of plaintiff's concerted action theory (see, Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295). Once the Olmstead vehicle left Baker's restaurant, Baker had neither the authority nor the ability to control the conduct of the occupants of the vehicle.

"A line must be drawn between the competing policy considerations of providing a remedy to everyone who is injured and of extending exposure to tort liability almost without limit" (De Angelis v Lutheran Med. Ctr., 58 NY2d 1053, 1055). The possibility that one who is requested to pursue a vehicle might engage in a high-speed chase or other tortious conduct which causes an accident is, in our view, speculative and insufficient to impose liability on the party who made the request without some evidence that the party who made the request also requested or encouraged the tortious conduct itself. In the

absence of any evidence that Baker agreed with the other defendants to engage in a particular course of conduct which created an unreasonable risk of danger to other users of the highway, including decedent, Baker cannot be liable for decedent's death *(cf., Policastro v Savarese,* 171 AD2d 849, 853).

Cardona, P. J., and White, J., concur.

Peters, J. (concurring in part and dissenting in part). I respectfully dissent from that portion of the majority's decision which affirms the grant of summary judgment to defendant Howard A. Baker.

The function of the court on a motion for summary judgment is one of issue finding rather than issue determination *(see generally, Federal Ins. Co. v Automatic Burglar Alarm Corp.,* 208 AD2d 495). I find sufficient evidence presented here to require a jury to assess Baker's conduct to determine whether his actions were tortious, and the extent, if any, to which he should be held liable to plaintiff. The record establishes that Baker was aware of decedent's intoxication at the time that he left the restaurant and that he nonetheless directed the remaining defendants to "chase" decedent's vehicle on rural country roads, at night. Under such circumstances, I find the evidence sufficient to raise a triable issue of fact as to whether Baker should be held liable under a concerted action theory *(see, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289).

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Ray J. Arnold's motion for summary judgment; said motion denied; and, as so modified, affirmed.