■ ROGER W. WILSON, Jr., Respondent-Appellant, v LEONARDO DiCAPRIO, Appellant-Respondent, et al., Defendants. [717 NYS2d 174] —Order, Supreme Court, New York County (Paula Omansky, J.), entered December 7, 1999, which denied defendant-appellant-respondent's motion pursuant to CPLR 3211 (a) (7) to dismiss that portion of the first cause of action alleging the aiding and abetting of an assault and battery, dismissed that portion of the first cause of action alleging concerted action, and dismissed the second cause of action alleging intentional infliction of emotional distress, unanimously affirmed, without costs. So much of defendant-appellant-respondent's appeal seeking to strike portions of the complaint pursuant to CPLR 3024 (b) unanimously dismissed, without costs.

The court properly sustained that portion of the first cause of

action alleging that defendant DiCaprio aided and abetted others in an assault and battery upon plaintiff. The assertions of a close relationship between DiCaprio and the other persons involved, DiCaprio's shout to the group, "We'll go kick his ass," and the immediate reaction of the other members of the group to follow and assault plaintiff were sufficient allegations that DiCaprio encouraged the assault and that such encouragement was a substantial factor in causing the assault (*see*, Restatement [Second] of Torts § 876; *Lindsay v Lockwood*, 163 Misc 2d 228, 233).

However, the claim for assault and battery under the theory of concerted action was properly dismissed since plaintiff failed to plead facts sufficient to allege a common plan or design to commit the assault (*see, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295; *Bichler v Eli Lilly & Co.*, 55 NY2d 571, 580).

The second cause of action alleging intentional infliction of emotional distress, based on an alleged course of conduct leading up to and including the alleged assault, was properly dismissed. The alleged conduct was not " ' "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" ' " (*Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 262, quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303). Although plaintiff asserts that a person acting on DiCaprio's behalf engaged in telephone harassment, his complaint merely alleges that such person conveyed dinner invitations to plaintiff's girlfriend.

Since denial of a motion to strike allegations pursuant to CPLR 3024 (b) is not appealable as of right and DiCaprio has not obtained leave to appeal, this portion of his appeal must be dismissed (CPLR 5701 [b] [3]). Were we to review the issue on the merits, we would affirm as the challenged portions of the complaint were material, relevant and served a useful purpose in advancing the litigation. Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.