■ EDWARD SKEWES, Respondent, v JOSEPH INFRANCA, JR., et al., Defendants, and JOSEPH STRAZZERI, Appellant. [774 NYS2d 739]—In an action to recover damages for personal injuries, the defendant Joseph Strazzeri appeals from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered December 20, 2002, as, upon a jury verdict, inter alia, finding him 4% at fault in the happening of the incident, and awarding damages in the principal sum of $500,000 for past pain and suffering and $150,000 for future pain and suffering, and upon an order of the same court dated September 27, 2002, denying his motion pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the plaintiff and against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the evidence was legally sufficient to support the jury's finding that he was acting in concert with the other assailants who attacked the plaintiff (*see Bichler v Lilly & Co.,* 55 NY2d 571, 580 [1982]; *cf. Gaige v Kepler,* 303 AD2d 626 [2003]; *Fariello v City of New York Bd. of Educ.,* 199 AD2d 461 [1993]). It cannot be said that there was

no valid line of reasoning and permissible inferences which could possibly lead rational persons to the jury's conclusion on the basis of the evidence presented at the trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Furthermore, the damage awards for past and future pain and suffering do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *cf. Rigatti v Leventhal,* 181 AD2d 726 [1992]).

The appellant's remaining contention is without merit. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.