■ AMINA ABID, Respondent, v THOMAS EDWARDS, SR., et al., Appellants, et al., Defendants. [779 NYS2d 522]—

In an action to recover damages for personal injuries, the defendants Thomas Edwards, Sr., and Thomas Edwards, Jr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 10, 2003, as granted that branch of the plaintiff's motion which was for leave to reargue and renew their prior cross motion for summary judgment which was granted by order of the same court dated July 24, 2002, and, upon reargument and renewal, denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant John B. McGabe separately appeals from so much of the same order as granted that branch of the plaintiff's motion which was for leave to reargue and renew his prior motion for summary judgment, which was granted by an order of the same court dated July 24, 2002, and, upon reargument and renewal, denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the issue of proximate cause and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On July 27, 1996, the plaintiff, a passenger in a vehicle owned by the defendant Rosemarie Abid, allegedly was injured when the Abid vehicle was struck by a pickup truck owned by the defendant Thomas Edwards, Sr., and operated by the defendant Thomas Edwards, Jr. (hereinafter the Edwards defendants). As a result of the collision, the Abid vehicle was pushed off the road and struck a mailbox and a telephone pole. Minutes before

the collision, the defendant John B. McGabe, a passenger in the pickup truck, threw a bottle at the Abid vehicle as the truck was driving alongside it, shattering the driver's window and injuring its driver. The Abid vehicle then made a U-turn and drove in the opposite direction, until it was allegedly pushed off the road by the pursuing pickup truck. McGabe moved for summary judgment dismissing the complaint insofar as asserted against him and the Edwards defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue and renew (*see* CPLR 2221; *Skamagas v Board of Educ. of W. Hempstead Union Free School Dist.*, 280 AD2d 596, 597 [2001]). Upon reargument and renewal, the Supreme Court properly denied that branch of McGabe's motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that his actions were not the proximate cause of the plaintiff's injuries. There is evidence that McGabe actively participated in the pursuit of the Abid vehicle and engaged in tortious conduct by throwing a bottle through the driver's window of the Abid vehicle (*see Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295 [1992]; *Hymowitz v Lilly & Co.*, 73 NY2d 487, 506 [1989], *cert denied* 493 US 944 [1989]; *Bichler v Lilly & Co.*, 55 NY2d 571, 580-581 [1982]; *De Carvalho v Brunner*, 223 NY 284, 287 [1918]). This evidence was sufficient to raise an issue of fact regarding McGabe's liability for acting in concert with Thomas Edwards, Jr., to cause the accident (*see Prough v Olmstead*, 210 AD2d 603 [1994]; *Herman v Wesgate*, 94 AD2d 938, 939 [1983]).

Furthermore, upon reargument and renewal, the Supreme Court properly denied that branch of McGabe's motion, and the cross motion of the Edwards defendants, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of his motion McGabe submitted, inter alia, unsworn magnetic resonance imaging test reports of the plaintiff's lumbar and cervical spines, which revealed disc herniations at L4-5, C5-6, and C6-7. McGabe failed to submit any medical evidence demonstrating that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see Ervin v Helfant*, 303 AD2d 716 [2003]; *Gray v Lasurdo*, 302 AD2d 560 [2003]; *Franca v Parisi*, 298 AD2d 554 [2002]). The Edwards defendants failed to submit any medical evidence in support of their cross motion. Thus, McGabe and the Edwards

defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Therefore, there is no need to consider the sufficiency of the plaintiff's proof in opposition (*see Black v Robinson*, 305 AD2d 438, 439 [2003]; *Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]). Ritter, J.P., Smith, H. Miller and Crane, JJ., concur.