■ GIANFRANCO SCOLLO et al., Respondents, v ALEXANDER NUNEZ et al., Defendants, and JOSEPH MCMAHON et al., Appellants. [874 NYS2d 380]—In an action to recover damages for personal injuries, etc., the defendant Kevin Donaghy appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated August 3, 2007, as denied that branch of his motion which was for summary judgment dismissing the fourth cause of action insofar as it was based upon a theory of liability for concerted action and aiding and abetting an alleged assault and battery, and the defendant Joseph McMahon separately appeals, as limited by his brief, from so much of the same order as denied that branch of his separate motion which was for summary judgment dismissing the third cause of action insofar as it was based upon a theory of liability for concerted action and aiding and abetting the alleged assault and battery.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In response to the prima facie showing by the moving defendants of entitlement to summary judgment, the Supreme Court properly found that there are triable issues of fact as to whether the appellants acted tortiously pursuant to a tacit agreement to assault or batter the plaintiffs Gianfranco Scollo and Maurizio Scollo (*see Abid v Edwards,* 8 AD3d 510, 511 [2004]; *Weldon v Rivera,* 301 AD2d 934, 935 [2003]; *Herman v Wesgate,* 94 AD2d 938, 939 [1983]; *Skewes v Infranca,* 5 AD3d 662, 662-663 [2004]; *cf. Prough v Olmstead,* 210 AD2d 603, 603-604 [1994]; *Gaige v Kepler,* 303 AD2d 626, 627-628 [2003]; *Fariello v City of New York Bd. of Educ.,* 199 AD2d 461, 463 [1993]; *Steinberg v Goldstein,* 27 AD2d 955, 955-956 [1967]). Similarly, there exist triable issues of fact as to whether the appellants knowingly provided substantial assistance in furtherance of the alleged battery (*see Wilson v DiCaprio,* 278 AD2d 25, 26 [2000]; Restatement [Second] of Torts § 876 [b]). Skelos, J.P., Ritter, Florio and Miller, JJ., concur. [*See* 16 Misc 3d 1118(A), 2007 NY Slip Op 51469(U).]