[909 NYS2d 329]

RYAN LUCIERE, Plaintiff, v MICHAEL RAHNER et al., Defendants.

LTGO INC., Individually and Doing Business as THE NUTTY IRISHMAN, Third-Party Plaintiff, v JAMES MAE, JR., et al., Third-Party Defendants.

Supreme Court, Nassau County, September 29, 2010

## APPEARANCES OF COUNSEL

*Rubin & Licatesi, P.C.*, Garden City (*Jason S. Firestein* of counsel), for *Ryan Luciere*, plaintiff. *Huenke & Rodriguez*, Melville (*Glen P. Rodriguez* of counsel), for Michael Hoenig, third-party defendant. *Devitt Spellman Barrett, LLP*, Smithtown (*Larry M. Shaw* of counsel), for James Mae, Jr., third-party defendant. *Muscarella & DiRaimo, LLP*, Garden City South, for Michael Rahner and another, defendants. *O'Connor & Redd, LLP*, White Plains, for The Nutty Irishman, defendant and third-party plaintiff.

## OPINION OF THE COURT

RANDY SUE MARBER, J.

The plaintiff, Ryan Luciere, moves pursuant to CPLR 3211 (a) (7) for an order dismissing the third-party complaint on the grounds that the third-party complaint fails to state a legal cause of action. The third-party defendants, Michael Hoenig and James Mae, Jr., also move, pursuant to CPLR 3211 (a) (7), based upon similar grounds. The motion and cross motions are decided as hereinafter provided.

Facts

This action arises from serious personal injuries sustained by the plaintiff as a result of a one-car accident which occurred on December 2, 2007. The plaintiff was a passenger in a car owned and operated by the defendant, Michael Rahner. The original complaint alleges that on December 2, 2007, the defendant and third-party plaintiff, The Nutty Irishman, operated the premises in which alcoholic beverages were served to the defendant, Rahner, and he was caused to become intoxicated. The complaint states that the serious injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendants. The complaint further alleges that the defendant, Rahner, was intoxicated at the time of the accident and knew or should have known that operating a motor vehicle in said intoxicated condition posed a tremendous risk of harm to members of the public, including the plaintiff. The complaint also alleges a cause of action under the Dram Shop Act.

The third-party plaintiff, The Nutty Irishman, filed a third-party complaint against the third-party defendants, Mae and Hoenig, alleging that on December 2, 2007, Hoenig and Mae, along with the plaintiff and the defendant, Rahner, agreed that the defendant, Rahner would be the designated driver for the evening. The third-party complaint states that the defendant,

Rahner, accepted the duty of being the designated driver for the common good of Mae, Hoenig, Rahner and the plaintiff. The third-party plaintiff, The Nutty Irishman, alleges that Mae and Hoenig violated the agreement by purchasing alcohol for the defendant, Rahner, causing him to become intoxicated. Further, the third-party complaint states that the third-party defendants, Mae and Hoenig, aided and abetted in the harm resulting to the plaintiff as they were aware that purchasing alcohol for the defendant, Rahner, could result in tortious conduct leading to injuries. Based upon this conduct, the third-party plaintiff claims that it is entitled to indemnification and/or contribution from the third-party defendants.

The plaintiff and the third-party defendants, Mae and Hoenig, now seek to dismiss the third-party complaint based upon the third-party plaintiff's failure to state a legally cognizable cause of action.

Standard of Review

On a motion to dismiss for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), the court must determine whether, from the four corners of the pleading, "factual allegations are discerned which taken together manifest any cause of action cognizable at law." (*Salvatore v Kumar*, 45 AD3d 560, 563 [2d Dept 2007], *lv denied* 10 NY3d 703 [2008], quoting *Morad v Morad*, 27 AD3d 626, 627 [2d Dept 2006].) Further, the pleading is to be afforded a liberal construction, the facts alleged in the complaint accepted as true, and the plaintiffs accorded the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994].)

In the instant matter, the court must initially determine whether the third-party plaintiff's allegation that the third-party defendants', Mae and Hoenig, purchase of alcohol for the defendant, Rahner, in breach of an alleged agreement between the group, is a viable, legally cognizable cause of action in New York to establish a causal connection to the plaintiff's injuries. The third-party plaintiff urges that the court should recognize such a cause of action.

Motion to Dismiss

In support of the motion to dismiss, it is argued that the third-party defendants do not owe a duty of care to the third-party plaintiff to conform to a standard of reasonable conduct in relation to the risk involved to third persons. Citing to relevant legal authority, the plaintiff's counsel contends that the State of New York does not impose a duty on the third-party de-

fendants, Mae and Hoenig, to control the conduct of third persons to prevent them from causing injury to others and that liability generally arises when the defendant has authority to control the actions of such third persons. (*D'Amico v Christie*, 71 NY2d 76 [1987].) The plaintiff's counsel notes that while there may be a "moral duty" to prevent injury to another, there is no legal duty on the part of the third-party defendants to prevent injury to third persons.

In opposition to the motion and cross motions, the third-party plaintiff, The Nutty Irishman, contends that the third-party defendants, Mae and Hoenig, had a duty to not procure alcoholic beverages for the designated driver. More specifically, the third-party plaintiff states that "feeding Mr. Rahner shots and drinks knowing that he was to stay sober as he was the group[']s designated driver" constituted negligent conduct. (*See* affirmation in opposition ¶ 7.) It is conceded by the third-party plaintiff that there is generally no duty to control the conduct of third persons, even where, as a practical matter, the defendant can exercise such control. However, the third-party plaintiff's counsel states that a special relationship between Mae, Hoenig and Rahner exists due to the agreement that Rahner would be the designated driver.

In addition to the foregoing, counsel relied upon two cases to support its novel position, *Halberstam v Welch* (705 F2d 472, 477 [DC Cir 1983]) and *Herman v Wesgate* (94 AD2d 938 [4th Dept 1983]). Moreover, counsel cited to Restatement (Second) of Torts § 876, particularly the following purportedly relevant portion:

> "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he:
>
> "(a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> "(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself."

In reply, plaintiff's counsel argues that the third-party plaintiff presupposes a special relationship where none exists, as an agreement for the defendant, Rahner, to be the designated driver does not create a special relationship.

Additionally, third-party defendant Mae's counsel argues in reply, citing to *D'Amico* (*supra*), that "historically, it was the drinking of the alcohol, not the furnishing of it, that was

regarded as the proximate cause of alcohol induced injury." Counsel also contends that neither statute nor common law imposes a duty or liability on the third-party defendants for the purported provision of alcohol to the defendant, Rahner.

Legal Analysis

The third-party plaintiff urges this court to recognize a duty where none has previously been recognized. In *Herman v Wesgate (supra)*, a case relied upon by the third-party plaintiff, the court found a duty predicated upon the principle of concerted action liability. In that regard, the court reasoned that although an individual defendant did not actually propel the plaintiff into the water, his participation in the concerted activity is equivalent to participation in the accident resulting in the injury. (*Herman*, 94 AD2d at 938.) In that case, the act of propelling the plaintiff off of a barge and into the water against his will was, in and of itself, a tortious act. Quite to the contrary, here, the act of procuring alcoholic beverages for the defendant, Rahner, notwithstanding the agreement that he would act as the designated driver, is not, in and of itself, a tortious act. Indeed, the defendant, Rahner, was not forced against his will to consume the beverages that were purchased for him. As such, the third-party plaintiff's concerted action liability theory is inapplicable here.

The third-party plaintiff also argues that a special relationship existed between the third-party defendants, Mae and Hoenig, and the defendant, Rahner, based upon the agreement that the defendant, Rahner, would act as the designated driver. Counsel cites to no legal authority to support this argument and merely makes the unsupported statement that the third-party defendants owed a duty of care to the plaintiff to conform to a reasonable standard. In other words, without any precedential authority, the third-party plaintiff urges the court to impose a duty on persons who purchase alcohol for a designated driver because of the potential risk of harm to third persons. The court declines to recognize a special relationship under these circumstances. As noted by the plaintiff's counsel, there is no clear definition of what a "designated driver" is. Had the third-party defendants only purchased one drink for the defendant, Rahner, and several hours later the same accident occurred, it is unclear as to whether or not the plaintiff's injuries would have been foreseeable. To this point, there are several possible scenarios which renders the imposition of a legal duty in this instance too speculative.

With respect to whether the third-party defendants' conduct proximately caused the plaintiff's injuries, the plaintiff is correct in pointing out that the third-party plaintiff has not sufficiently alleged proximate cause. The third-party complaint merely states that, as a result of the motor vehicle accident, the plaintiff allegedly sustained injuries due to the negligence, carelessness and recklessness of the third-party defendants. The third-party complaint fails to adequately allege proximate cause and the third-party plaintiff's opposition papers also fail to address this issue.

Additionally, the third-party plaintiff attempts to distinguish *Mulvey v Cuviello* (180 Misc 2d 139 [1999]), a case relied upon by the movant. In that case, the court held that the person who agreed to act as the designated driver did not owe a duty of care to persons for whom he had agreed to serve as a driver. Although not binding, *Mulvey* lends guidance on the issues presented in the case at bar. In that case, there was no duty imposed on the designated driver, the individual who personally agreed to not become intoxicated prior to operating a motor vehicle. Here, the third-party plaintiff urges the court to impose a duty on the procurer of the alcoholic beverages rather than the individual who consumed the alcohol. The facts here reflect a more attenuated relationship than that which existed in *Mulvey*. Thus, the distinction between *Mulvey* and the instant matter further supports the argument that no duty should be imposed on the third-party defendants.

Based upon the foregoing, while there may have been a moral duty for the third-party defendants, Mae and Hoenig, not to procure alcoholic beverages for the defendant, Rahner, the court declines to impose a legal duty based on the facts presented here.

Accordingly, it is hereby ordered, that the plaintiff's motion, as well as the accompanying cross motions, to dismiss the third-party complaint pursuant to CPLR 3211, are hereby granted; and it is further ordered, that the clerk of the court is directed to remove the third-party action from the caption of this matter.